UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SULKHANI GAMTENADZE,

Petitioner,

v.

WARDEN,

Respondent.

No.  1:26-cv-01990-DAD-EFB (HC)

ORDER AND FINDINGS AND
RECOMMENDATIONS

Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondent moves to dismiss or transfer the action due to the pendency of another petition filed by petitioner in the Southern District of California while petitioner was detained within that court's jurisdiction, *Gamtenadze v. LaRose*, S.D. Cal. Case No. 3:26-cv-1256-JES-SBC (Hereinafter "*LaRose*").  ECF No. 7.  Petitioner, represented by appointed counsel, opposes the motion and moves for leave to file an amended petition.  ECF Nos. 8, 9.

"The first-to-file rule is a doctrine of federal comity that allows a district court to decline jurisdiction over a subsequently filed action when a similar action is already pending in another district.  The rule's purpose is to avoid placing an unnecessary burden on the federal judiciary and to avoid the embarrassment of conflicting judgments." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 704 (N.D. Cal. 2021).  In deciding whether to dismiss a subsequently-filed action, the court considers: (1) the chronology of suits, (2) the similarity of parties, and (3) the similarity of

1

issues. *Id.* The court has ample discretion in employing the rule and should "strive to maximinze economy, consistency, and comity." *Id.*

The chronology of suits, similarity of parties, and similarity of issues all favor dismissing this action in favor of petitioner's earlier-filed Southern District of California petition. However, as petitioner persuasively argues, such an application of the first-to-file rule would elevate form over substance. The action in the Southern District is on the cusp of dismissal for failure to file an in forma pauperis application or pay the filing fee, and petitioner has informed his counsel that he will not pursue Southern District case but does not know how to voluntarily dismiss it. A review of the *LaRose* docket reveals no activity by petitioner since the filing of the petition and a pending order that the case will be dismissed if petitioner fails to pay the filing fee or file an in forma pauperis application by April 28, 2026. In this situation, dismissal or transfer of this action would not serve comity, economy, or consistency. Additionally, allowing this case to continue will not risk conflicting judgments. Accordingly, the motion to dismiss or transfer should be denied.

Petitioner seeks leave to amend the petition. Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)*; Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Petitioner argues that leave to amend should be granted so that the pro se petition can be replaced "with a complete, lawyer-drafted petition that clearly identifies the proper respondents,

2

organizes the factual allegations, cites the relevant exhibits, and states the statutory and constitutional claims in a form suitable for adjudication." ECF No. 9. The court and the parties can only be assisted by such amendment. Accordingly, the motion to amend will be granted.

For the stated reasons, it is hereby ORDERED that petitioner's motion for leave to file an amended petition (ECF No. 9) is GRANTED. The court accepts the amended petition (ECF No. 9-1) as the operative pleading. Respondent shall file a return or other response to the amended petition within seven days of the date of this order.

Further, it is RECOMMENDED that respondent's motion to dismiss or transfer the action (ECF No. 7) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 27, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3